OPINION
{¶ 1} Defendant-appellant, Mark David Corll, appeals from a Mahoning County Court No. 3 judgment convicting him of domestic violence.
 {¶ 2} At all times relevant to the present dispute, appellant and his wife, Linda Corll, were in the process of a divorce. During the morning hours of April 28, 2003, Mrs. Corll was making the bed when appellant came into the bedroom and put a pile of clothes onto the bed. Mrs. Corll put the clothes on the floor. This started a loud verbal argument between the two. Mrs. Corll alleged that appellant then grabbed her arm, shook her, and pushed her to the ground, and "snapped" a pair of pants at her during the argument. Appellant denied that he ever touched his wife.
 {¶ 3} Mrs. Corll filed a police report with the Mahoning County Sheriff a few hours later. Appellant was subsequently charged with domestic violence, a first degree misdemeanor in violation of R.C. 2919.25(A). He proceeded to a bench trial on September 30, 2003. On October 28, 2003, the trial court found appellant guilty as charged. On December 2, 2003, the court sentenced appellant to 180 days suspended incarceration, anger management and/or counseling with his child's mental health provider, six months reporting probation, and a $100.00 fine. Appellant filed his timely notice of appeal on January 2, 2004. The trial court stayed appellant's sentence pending this appeal.
 {¶ 4} In his sole assignment of error, appellant states:
 {¶ 5} "The decision of the trial court is arbitrary and unreasonable and not support [sic] by the evidence at trial."
 {¶ 6} Appellant attacks both the weight and sufficiency of the evidence. As to his manifest weight argument, appellant urges that the totality of the testimony presented to the trial court failed to establish with any reasonable certainty the actual date of the incident alleged, or that appellant caused or attempted to cause Mrs. Corll physical harm. Appellant contends that other than Mrs. Corll's testimony, there was no reliable evidence that he made any physical contact with her on the day of the alleged incident. Moreover, appellant continues, Mrs. Corll's testimony lacked clarity and consistency regarding the details surrounding the alleged incident. Appellant argues that Mrs. Corll testified that it was appellant who was intensely angry and yelling loudly, while their daughter, Lindsay, testified that both of her parents were very angry and yelling loudly. (Tr. 22, 59). Additionally, appellant notes that Mrs. Corll testified that she removed appellant's clothes from the bed only once, while Lindsay testified that her mother repeatedly removed appellant's clothing from the bed. (Tr. 55). Appellant also contends that while Mrs. Corll testified that he grabbed her arm, shook her about five times, and then threw her on the floor, Lindsay denied that her mother was ever on the floor during the incident. (Tr. 7, 57). All of Lindsay's testimony, appellant argues, is consistent with his own testimony regarding the argument. Therefore, appellant concludes that the trial court's verdict was against the manifest weight of the evidence.
 {¶ 7} In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" Id. (Emphasis sic.) In making its determination, a reviewing court is not required to view the evidence in a light most favorable to the prosecution but may consider and weigh all of the evidence produced at trial. Id. at 390.
 {¶ 8} Still, determinations of witness credibility, conflicting testimony, and evidence weight are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} Appellant was convicted of violating R.C. 2919.25(A), which provides, "No person shall knowingly cause or attempt to cause physical harm to a family or household member."
 {¶ 10} Mrs. Corll testified that appellant grabbed her, shook her, and threw her to the ground. (Tr. 7). Appellant testified that he did not. (Tr. 47). Appellant contends that Mrs. Corll's testimony conflicted with his and Lindsay's testimony. But while Lindsay testified that she did not remember seeing her mother on the ground on the day in question, she also testified that she was in her room during the fight and kept peeking her head out so she only saw "bits and pieces but nothing like for long periods of time." (Tr. 58-59).
 {¶ 11} Although an appellate court is permitted to independently weigh the credibility of the witnesses when determining whether a conviction is against the manifest weight of the evidence, great deference must be given to the fact finder's determination of witnesses' credibility. State v.Wright, 10th Dist. No. 03AP-470, 2004-Ohio-677, at ¶ 11. The policy underlying this presumption is that the trier of fact is in the best position to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id.
 {¶ 12} Mrs. Corll testified that appellant caused her physical harm. (Tr. 7). She stated that her back and arm were sore from appellant grabbing, shaking, and throwing her to the floor. (Tr. 7-8). And she testified that she had a bruise on her arm. (Tr. 9-10; State Exh. 1). Moreover, although appellant relies heavily on Lindsay's testimony, the record demonstrates her confusion as to the events that occurred on the day in question and her limited viewing of her parents' fight. (Tr. 54, 56-59). Therefore, appellant's conviction was not against the manifest weight of the evidence.
 {¶ 13} As to his sufficiency argument, appellant argues that appellee failed to present sufficient evidence that on a date certain, i.e., April 28, 2003, appellant knowingly caused or attempted to cause physical harm to Mrs. Corll, as required by R.C. 2919.25(A).
 {¶ 14} Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury or whether the evidence is legally sufficient as a matter of law to support the jury verdict. State v. Smith (1997),80 Ohio St.3d 89, 113. In essence, sufficiency is a test of adequacy.Thompkins, 78 Ohio St.3d at 386. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Id. In reviewing the record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.Smith, 80 Ohio St.3d at 113.
 {¶ 15} Appellee was required to present evidence that (1) appellant, (2) knowingly, (3) caused or attempted to cause, (4) physical harm, (5) to his wife.
 {¶ 16} With regard to the date element, both appellant and Mrs. Corll testified that the event in question transpired on April 28, 2003. (Tr. 4, 43). Only Lindsay was confused about the date. (Tr. 54). Next, with reference to the physical harm element, as we noted earlier, the record reflects that Mrs. Corll testified appellant grabbed her, shook her, and threw her to the floor. (Tr. 7). She also stated that this left her arm and back sore and left a bruise on her arm. (Tr. 7-10; State Exh. 1). Additionally, Mrs. Corll testified that appellant snapped a pair of pants at her face, although he failed to make contact. (Tr. 7). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Mrs. Corll's testimony concerning the physical altercation is sufficient to establish the "knowingly" element of the offense. Because appellee presented evidence going to all elements of the offense, appellant's sufficiency argument lacks merit.
 {¶ 17} For the reasons stated above, the trial court's judgment is hereby affirmed.
Vukovich, J., concurs.
Waite, P.J., concurs.